UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**HERMAN WALKER**                                                    **CIVIL ACTION**

**VERSUS**                                                           **NO. 16-16170**

**SANDY MCCAIN, WARDEN**                            **SECTION: "J"(5)**

### REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2). For the following reasons, **IT IS RECOMMENDED** that the petition for habeas corpus relief be **DISMISSED WITH PREJUDICE**.

### Procedural History

Petitioner, Herman Walker, was charged in January 2003 with seven counts of distribution of cocaine within 1000 feet of a school.[1] He was tried on two of the seven counts and found guilty by a jury as charged on count one of distribution of cocaine within 1000 feet of a school and guilty on count three of the responsive verdict of distribution of

---

[1] State Rec., Vol. 1 of 3, Bill of Information.

cocaine.[2] On April 9, 2003, he was sentenced to 20 years imprisonment on each count with the entire sentence on count one to be served without benefit of probation, parole or suspension of sentence and the first two years of the sentence on count three to be served without benefit of probation, parole or suspension of sentence, to run concurrently. The State subsequently filed a multiple-offender bill as to count one charging him as a third-felony offender. On June 19, 2003, following a multiple-offender adjudication, the trial court vacated the original sentence on count one and sentenced him to 32 years imprisonment without benefit of probation or suspension of sentence. Additionally, the trial court imposed a fine of $50,000.[3]

On direct appeal, Walker asserted that the trial court erred in denying his motion for mistrial that was premised upon repeated references to inadmissible evidence of his criminal record. On December 30, 2003, the Louisiana Fifth Circuit Court of Appeal affirmed his convictions and sentences. The appellate court also noted an error patent and remanded for the trial court to correct the commitment to conform to the transcript.[4] When Walker did not seek a writ of certiorari with the Louisiana Supreme Court, his conviction became final 30 days from the judgment on January 29, 2004.

By letter dated February 20, 2010, Walker asked the state district court to reconsider

---

[2] State Rec., Vol. 1 of 3, Minute Entry, 3/11/03; *see also* Jury Verdict.

[3] State Rec., Vol. 1 of 3, Minute Entry, 6/19/03. The remaining five charges were dismissed. State Rec., Vol. 2 of 3, Minute Entry, 6/19/03.

[4] *State v. Walker*, 865 So.2d 172 (La. App. 5th Cir. 2003).

his habitual-offender sentence.[5] His letter states that he asked the court on two prior occasions for reconsideration of the sentence, but received no response to his requests. He offered no evidence of these prior requests. Nor does the state-court record indicate if the state district court ever responded to the February 20 letter.

On January 28, 2013, he submitted a "Motion for Transcript under Case Number 03-410," stating he needed it to file an application for post-conviction relief. The trial court denied the request on February 7, 2013.[6] In denying the request, the court noted that the limitation period under state law had expired and he failed to show that the application would satisfy any exception to the prescriptive period.

On March 12, 2013, he submitted a second "Motion for Transcript under Case Number 03-410," stating he needed it to file a writ of habeas corpus and/or a motion to vacate an illegal sentence. The trial court denied the request as repetitive and successive on May 16, 2013.[7]

On February 15, 2014, he filed a motion to correct an illegal sentence with the state

---

[5] State Rec., Vol. 1 of 3. Federal habeas courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." *Causey v. Cain*, 450 F.3d 601, 607 (5th Cir. 2006). Although the letter is postmarked March 5, 2010, it is dated Saturday, February 20, 2010, which is presumed to be the earliest date on which he could have delivered it to prison officials for mailing. The Court will use the earlier date given that the State's response does not mention the letter, and even using the earlier date, the instant petition is still untimely.

[6] State Rec., Vol. 1 of 3, District Court Order, 2/7/13.

[7] State Rec., Vol. 1 of 3, District Court Order, 5/16/13.

3

district court.[8] The district court denied that motion on April 11, 2014.[9] The district court reasoned he had not pointed to an illegal term in his sentence and the sentence fell within statutory parameters. On June 25, 2014, the Louisiana Fifth Circuit Court of Appeal refused to consider Walker's related untimely writ application because he failed to file a notice of intent to seek review of the lower court's ruling, and he filed his writ application more than 30 days from the date of the ruling denying relief.[10]

On April 28, 2015, Walker filed a "Motion to Set Aside and Vacate Multiple Offender Adjudication and Correct Illegal Sentence," with the state district court.[11] The district court denied the motion on May 18, 2015.[12] He filed a notice of intent to seek writs and was given a return date of July 24, 2015.[13] On July 17, 2015, he timely filed his writ application with the Louisiana Fifth Circuit Court of Appeal. On July 28, 2015, the court of appeal denied relief.[14] The appellate court noted that he had not included anything for the court to review with respect to his claim that there was insufficient evidence produced at his multiple-

---

[8] State Rec., Vol. 1 of 3, Motion to Correct an Illegal Sentence.

[9] State Rec., Vol. 1 of 3, District Court Order, 4/11/14.

[10] State Rec., Vol. 1 of 3, *State v. Walker*, 14-KH-415 (La. App. 5 Cir. June 25, 2014).

[11] State Rec., Vol. 1 of 3, Motion to Set Aside and Vacate Multiple Offender Adjudication and Correct Illegal Sentence.

[12] State Rec., Vol. 1 of 3, District Court Order, 5/18/15.

[13] He also requested a "designation of record on appeal," which the district court denied on June 22, 2015, noting that the matter was not on appeal. State Rec., Vol. 1 of 3.

[14] State Rec., Vol. 1 of 3, *State v. Walker*, 15-KH-456 (La. App. 5 Cir. July 28, 2015).

offender hearing, and that such a challenge was not a proper ground on post-conviction relief. He filed a supervisory writ application with the Louisiana Supreme Court, which was denied on September 6, 2016.[15] The Louisiana Supreme Court found the application was not timely filed and that his sentencing claim was not cognizable on collateral review, citing Louisiana Code of Criminal Procedure articles 930.8 and 930.3.

On September 27, 2016, he filed the instant federal application for *habeas corpus* relief.[16] In that application, he claims that the State failed to introduce sufficient evidence to prove that he was a multiple offender. The State argues that the application should be dismissed as untimely.[17] Walker has not filed a reply.

**Analysis**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, governs the filing date for this action because he filed his habeas petition after the AEDPA's effective date. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Title 28 U.S.C. § 2244(d) provides:

(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

---

[15] *Id.*, *State ex rel. Walker v. State*, 15-KH-1559 (La. 9/6/16), 198 So.3d 1174.

[16] Rec. Doc. 8, 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." *Roberts v. Cockrell*, 319 F.3d 690, 691 n. 2 (5th Cir. 2003). Walker signed his federal application on September 27, 2016. Therefore, his application presumably could not have been placed in the prison mailing system any earlier than that date.

[17] Rec. Doc. 17.

> A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Typically, a petitioner must bring his Section 2254 claims within one year of the date on which his underlying criminal judgment becomes "final."  With regard to finality, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires." *Id*. at 694; *see also Foreman v. Dretke*, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
>
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. *See Foreman*, 383 F.3d at 338–39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. *See Causey v. Cain*, 450 F.3d 601, 606 (5th Cir. 2006); *Roberts*, 319 F.3d at 693.

*Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008).

As previously noted, Walker's state criminal judgment of conviction became final for AEDPA purposes on January 29, 2004, when his time expired for seeking further direct review by writ of certiorari with the Louisiana Supreme Court. Under a plain reading of the statute, he then had one year within which to file his federal habeas petition, or a deadline of January 31, 2005.[18] Walker did not file his federal habeas petition with this Court until September 27, 2016. Thus, his application must be dismissed as untimely, unless that deadline was extended through tolling.

The Court finds no basis for statutory tolling in this case. Regarding the statute of limitations, the AEDPA expressly provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, as the state-court record shows, Walker had no such applications pending before the state courts during the applicable one-year period. The one-year federal limitations period continued to run uninterrupted and expired on January 31, 2005. Even liberally construing Walker's letter to the district court asking for reconsideration of his sentence as a properly filed application for collateral

---

[18] The final day of the one-year period fell on Saturday, January 29, 2005. Therefore, he actually had until Monday January 31, 2005 in which to file his federal application. *See* Fed. R. Civ. P. 6(a)(1)(C) (when computing time, "include the last day of the period, but if the last day is a Saturday ... the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

review, that letter was not submitted to the state district court until February 20, 2010, more than five years *after* the one-year federal limitations period had already expired, and therefore could not possibly afford him any tolling benefit.   *See Madden v. Thaler*, 521 F. Appx. 316, 320 (5th Cir. 2013); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Magee v. Cain*, Civ. Action No. 99–3867, 2000 WL 1023423, at \*4, *aff'd*, 253 F.3d 702 (5th Cir. 2001) (citing *Williams v. Cain*, Civ. Action No. 00–536, 2000 WL 863132, at \*2 (E.D. La. June 27, 2000)).   Simply put, once the federal limitations period expired, "[t]here was nothing to toll."   *Butler,* 533 F.3d at 318.   Because Walker had no state applications pending at any time during the one-year limitations period, he clearly is not entitled to any tolling credit pursuant to § 2244(d)(2).[19]

The Court rejects Walker's suggestion that a state-created impediment to his timely filing existed pursuant to 28 U.S.C. § 2244(d)(1)(B) (*i.e.*, the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action).

---

[19] The Court also notes that his motions requesting transcripts provided him no tolling benefit.   *See* State Rec., Vol. 1 of 3.   Not only were these requests not made within the relevant one-year time period, but requests for documents do not qualify as applications for state post-conviction relief or other collateral review in any event.   Applications seeking documents are not considered "application[s] for State post-conviction or other collateral review" for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. *Higginbotham v. Tanner*, Civ. Action No. 10–1130, 2011 WL 3268128, at \*1 (E.D. La. July 29, 2011); *Parker v. Cain*, Civ. Action No. 02–0250, 2002 WL 922383, at \*2 n. 22 (E.D. La. May 1, 2002), *certificate of appealability denied*, No. 03–30107 (5th Cir. June 23, 2003); *Boyd v. Ward*, Civ. Action No. 01–493, 2001 WL 533221, at \*4 (E.D. La. May 15, 2001), *certificate of appealability denied*, No. 01–30651 (5th Cir. Aug. 22, 2001).

He implies that he was unable to file for collateral review within the applicable time limits because he was not timely provided with the necessary transcripts. He claims that he "exhausted the available writs as soon thereafter as he received the transcripts."[20] To the extent he may be arguing that a state-created impediment to timely filing existed because he had difficulty obtaining transcripts, the Court notes that he first requested a transcript eight years after the federal one-year limitations period expired. He does not indicate that he suffered any impediments during the relevant one-year federal limitations period. Nor would any difficulties he encountered in obtaining his transcripts due to delayed action on his part be attributable to the State. Furthermore, to invoke subsection 28 U.S.C. § 2244(d)(1)(B), a petitioner must show that the state action violated the Constitution or federal law. *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003); *accord Wickware v. Thaler*, 404 F. Appx. 856, 862 (5th Cir. 2010). Walker cannot meet this burden of proof because the United States Constitution does not automatically require that a prisoner be provided with a free copy of a transcript for purposes of seeking collateral review. *See Deem v. Devasto*, 140 F. Appx. 574 (5th Cir. 2005); *see also Crawford v. Costello*, 27 F. Appx. 57 (2nd Cir. 2001) (because there is no constitutional right to a trial transcript for collateral proceedings, the state court's denial of the petitioner's request for a transcript did not amount to a constitutional impediment sufficient to toll the statute of limitations).

Furthermore, the alleged state-court delay in providing him with copies of transcripts did not "prevent" him from timely seeking relief. He was present for the multiple-offender

---

[20] Rec. Doc. 8, p. 10.

9

proceedings and thus clearly aware of the alleged defects, as argued by his defense counsel during those proceedings; therefore, even without copies of the transcripts, he could have filed a state post-conviction application asserting the instant claim.[21]   *See Brown v. Cain*, 112 F. Supp. 2d 585, 587 n. 2 (E.D. La.) ("Because an inmate does not have an automatic right to free transcripts, the Louisiana State Courts accept post-conviction relief applications without transcripts attached."), *aff'd*, 239 F.3d 365 (5th Cir. 2000); *State ex rel. Bernard v. Criminal District Court Section "J,"* 653 So.2d 1174, 1175 (La. 1995) (holding that a prisoner who has "identified with factual specificity ... constitutional claims he argues will entitle him to post conviction relief" may "file an application which lacks any supporting documentation without fear of summary dismissal under La. C.Cr.P. art. 926(E).").   Upon filing such an application "identif[ying] specific constitutional errors in the proceedings leading to his conviction and sentence," he would then have been entitled to a free copy of the transcripts under state law simply by showing a "particularized need" for them, *i.e.*, by demonstrating that they were necessary to resolve his claims fairly.   *Bernard*, 653 So.2d at 1175. Consequently, the alleged state-court delays in providing the transcript in no way "prevented" Walker from seeking relief.   For this reason, subsection (B) is inapplicable. *See, e.g., Marshall v. Hedgemon,* Civ. Action No. 16-285, 2016 WL 8739198, at *2 (E.D. La. Nov. 4, 2016), *adopted*, 2017 WL 1399579 (E.D. La. Apr. 19, 2017); *Crain v. Director*, *TDCJ-CID*, Civ. Action No. 6:11cv214, 2012 WL 651730 (E.D. Tex. February 27, 2012).

---

[21] State Rec., Vol. 1 of 3, Transcripts of Multiple Bill Hearings (June 4, 2003 and June 19, 2003).

Additionally, the Court recognizes that United States Supreme Court has held that the AEDPA's statute of limitations is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 649 (internal quotation marks omitted); *see also Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

To the extent Walker may imply that he is entitled to equitable tolling based on the alleged delay in receiving his transcripts, the argument is without merit. *Brown v. Cain*, *supra*; *see also Cook v. Cain*, Civ. Action No. 15-1882, 2015 WL 6702290, at *5 (E.D. La. Nov. 3, 2015); *Plummer v. Mississippi Department of Corrections*, Civ. Action No. 4:11cv6, 2011 WL 6965656, at *5 (S.D. Miss. Dec. 16, 2011), *adopted*, 2012 WL 70349 (S.D. Miss. Jan. 9, 2012). The record discloses no basis upon which this Court could find that equitable tolling is warranted. It is well-settled that mistake, ignorance of the law, and a prisoner's *pro se* status do not suffice to justify equitable tolling. *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); s*ee also Tate v. Parker*, 439 F. Appx. 375 (5th Cir. 2011) ("The alleged extraordinary circumstances endured by Tate, such as ignorance of the law, lack of knowledge of filing deadlines, a claim

of actual innocence, temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not sufficient to warrant equitable tolling"); *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (equitable tolling "is not intended for those who sleep on their rights").  Accordingly, Walker is not entitled to equitable tolling.[22]

In sum, the instant petition was filed more than 10 years after the federal limitations period expired.  Walker has not established any basis for statutory or equitable tolling.  Therefore, his federal habeas corpus petition should be dismissed with prejudice as untimely.

## **RECOMMENDATION**

**IT IS RECOMMENDED** that Walker's application for federal habeas corpus relief be **DISMISSED WITH PREJUDICE**.  A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that

---

[22] In *McQuiggin v. Perkins*, the United States Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass... [to excuse] the expiration of the statute of limitations."  *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013).  The Supreme Court has cautioned, however, that "tenable actual-innocence gateway pleas are rare[.]"  *Id*.  To succeed on this claim, a petitioner must present a credible claim of actual innocence based on "new reliable evidence... that was not presented at trial," and he "must show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt" in light of that new evidence of his factual innocence.  *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995).  Here, Walker argues only that his multiple offender adjudication was illegal.  He clearly has not made a colorable showing that he is actually innocent in light of "new evidence."

the party has been served with notice that such consequences will result from a failure to object.   28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[23]

New Orleans, Louisiana, this  15th  day of         August        , 2017.

>                           MICHAEL B. NORTH
>                     UNITED STATES MAGISTRATE JUDGE

---

[23] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.

13